UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BOBBY MCDONALD and YVONNE LANGSTON-MCDONALD, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 4:10CV2282 FRB ) |
| LAURENT D. JAVOIS, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiffs for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiffs are financially unable to pay any portion of the filing fee. As a result, plaintiffs will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

## The Complaint

Plaintiffs, a husband and wife, bring this action pursuant to 42 U.S.C. § 1983 alleging violations of plaintiff Bobby McDonald's civil rights. Named as defendants are: Laurent D. Javois (CEO, Missouri Department of Mental Health); Donna Crowther (Case Worker, St. Louis Area Mental Health Institution); Keith Schafer (Director, Missouri Department of Mental Health); J.F. Keathley (police officer); and Ron Johnson (police officer).

In sum, plaintiffs' complaint contains allegations relating to a requirement placed on plaintiff Bobby McDonald, as part of his conditional release program, that he register as a sex offender. Plaintiffs believe that this requirement has been unlawfully imposed on plaintiff Bobby McDonald.

Plaintiff Bobby McDonald relates that in 1994 he was arrested and charged with rape, sodomy and burglary. He states that in 2002 he was found not guilty of his crimes by reason of mental disease or defect, and that since that time, he has been "under the care and supervision of the Missouri Department of Mental Health," under terms set forth in a conditional release program. Plaintiff Bobby McDonald claims that defendants have acted unlawfully by requiring him to register as a sex offender and participate in sex offender programming as part of his conditional release from the mental health facility.

Plaintiffs seem to be arguing that defendants are attempting to apply Missouri sex offender laws, Mo.Rev.Stat. § 589.400, to plaintiff Bobby McDonald, retrospectively, because he was **charged** with his sex offenses before the Missouri sex offense laws took effect in January of 1995. Plaintiffs list a myriad of ways they believe they have been damaged by defendants purportedly unlawful behavior, and they seek both monetary and injunctive relief from defendants.

## Discussion

Plaintiffs claims for relief fail as a matter of law, given that plaintiffs admit that plaintiff Bobby McDonald's registration requirement stems not from the Missouri sex offender laws, but instead, from his conditional release requirements.

In Missouri, when an accused is tried and acquitted on the ground of mental disease or defect excluding responsibility, the Court has the ability to order such person committed to the Director of the Missouri Department of Mental Health for custody. See Mo.Rev.Stat. § 552.040. Pursuant to that statute, after a full and fair hearing, the Court has the ability to conditionally release the accused to the community, specifying the conditions and duration of the release. Plaintiffs state that plaintiff Bobby McDonald has been required to register as a sex offender and participate in sex offender rehabilitation classes <u>as part of his conditional release program</u>. Pursuant to Missouri law, the Missouri Courts have broad authority to set

forth these requirements for conditional release. Id. Plaintiffs do not seem to be contesting the Missouri Court's jurisdiction over him or its ability to require plaintiff Bobby McDonald to register under terms of conditional release, rather they have attempted to reframe this issue as one in which the Missouri sex offender registration laws are unlawfully being applied to him. In short, plaintiffs argue that because plaintiff Bobby McDonald was **charged** with sex offenses prior to 1995 (the date the Missouri sex offender laws were enacted), he cannot be made to register as a sex offender under the Missouri sex offender law. See Mo.Rev.Stat. § 589.400. Plaintiffs' claims fail for two reasons.

First, as noted above, because plaintiffs admit that the registration requirement arises not from the sex offender statute but from the terms of Bobby McDonald's conditional release under § 552.040, their claims fail as a matter of law. If plaintiff Bobby McDonald wishes to petition for unconditional release under § 552.040, he must do so in the Missouri state courts, as this Court has no jurisdiction over such a petition.

Second, as plaintiffs note in their complaint, although plaintiff Bobby McDonald was **charged** with rape, sodomy and burglary prior to 1994, it was not until **2002** that he was found "not guilty by reason of mental disease or defect." This was more than seven years after the Missouri sex offender laws were enacted.

The Missouri sex offender registration statute specifically applies to persons who have been found not guilty of a sexual offense, as a result of mental disease or defect. Mo.Rev.Stat. § 589.400.4. As such, it appears that plaintiff Bobby McDonald could also be required to register, pursuant to the Missouri sex offense laws. Regardless, plaintiffs have failed to set forth a claim for relief, and their case will be dismissed pursuant to 28 U.S.C. § 1915.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motions to proceed in forma pauperis [Doc. #2, #3 and #5] are **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 12th day of April, 2011.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE